UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEMCY CORTEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3110** |
| **DEPUTY THOMAS CUSTARD ET AL** | **SECTION "L" (1)** |

**ORDER & REASONS**

Pending before the Court is Plaintiffs' Motion to Exclude Opinion Testimony of Defense Expert Kerry Najolia. R. Doc. 59. Defendants oppose the motion. R. Doc. 65. Having considered the briefing, record, and applicable law, the Court rules as follows.

I. **BACKGROUND**

Plaintiff Lemcy Cortez brings this 42 U.S.C. § 1983 case against Deputy Thomas Custard, Deputy Brittney Reese, Sheriff Joseph P. Lopinto, III, Jefferson Parish, unidentified deputies, and an unidentified insurance company. R. Doc. 1. Mr. Cortez alleges that on November 21, 2019, his wife called 911 and requested that police be dispatched so she could leave their residence without incident because Cortez was in an agitated mood. *Id.* at 3. Cortez avers that an altercation ensued after Deputies Reese and Custard arrived on the scene. *Id.* Cortez claims that Deputies Custard and Reese punched him in the head during and after his arrest. *Id.* at 4. Further, he alleges that Deputy Custard pushed him to the ground, causing him to fall head-first and strike his head. *Id.* Cortez also alleges that upon arrival at the Jefferson Parish Detention Center ("JPDC"), he was struck in the head again by Deputies Custard and Reese. *Id.* He was then brought to another room, where his shirt was pulled over his face and he was beaten by two unknown deputies. *Id.* Cortez was then treated at the JPDC for his injuries, where it was allegedly discovered that he sustained a concussion, brain bleed, broken teeth, broken eyewear, and lacerations and abrasions. *Id.* at 4-5.

1

Plaintiff brings this lawsuit under § 1983 and Louisiana Civil Code Art. 2315, alleging excessive force in violation of the Fourteenth Amendment; a cover up by Jefferson Parish Sheriff's Office employees; and ongoing physical and psychological injuries. *Id.* at 5-6. He alleges that the actions of Deputies Custard, Reese, and the unidentified defendants were all done under the color of state law, without provocation, and in violation of his due process rights. *Id.* at 5. Cortez further alleges that Deputies Reese and Custard covered up their wrongful acts in disregard of his due process rights. *Id.* at 6. Lastly, Cortez argues that the Deputies' wrongful actions were the direct and proximate cause of his serious and ongoing physical and psychological injuries in violation of Louisiana Civil Code Article 2315. *Id.*

Defendants Deputy Custard, Deputy Reese, and Sheriff Lopinto deny Cortez's allegations and assert affirmative defenses including, among others: (1) failure to state a claim; (2) all actions by Deputy Custard, Deputy Reese, and Sheriff Lopinto were reasonable under the circumstances and do not support a claim of vicarious liability, respondeat superior, or *Monell* liability; (3) Cortez himself was negligent and/or assumed the risk; (4) the Court lacks jurisdiction over the matter due to insufficient amount in controversy; (5) the claims alleged are frivolous, groundless, and unreasonable; and (8) qualified immunity. R. Doc. 13 at 1-4.

## II.   PRESENT MOTION

Plaintiff brings the instant motion seeking to have the Court exclude eight of Kerry Najolia's ("Najolia") expert opinions on the basis that they are inadmissible under F.R.E 801(c)(2), F.R.E. 803(8)(A)(ii), F.R.E. 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993). R. Doc. 59-1 at 3, 4, 5. The eight opinions in question find that the deputies' actions were "authorized," "consistent with their training" and "consistent with departmental policy, procedures, and protocols" at various stages of their interaction with Plaintiff. *Id.* at 7. In support

of his motion, Plaintiff argues that: (1) Najolia would need to repeat inadmissible hearsay at trial to explain these opinions (2) Najolia's testimony is irrelevant, and (3) Najolia's methodology is unreliable. *Id*. at 14-15, 17.

First, Plaintiff asserts that Najolia's expert opinions are based on the version of events contained in co-defendant Deputy Reese's Offense Report. *Id.* at 4. He argues the version of events present in the report conflicts with the other record evidence, such as video footage and the deposition testimony of Dawn Cortez. *Id*. at 8. Plaintiff argues that Najolia will have to explain his opinions at trial by repeating portions of Deputy Reese's report, which is inadmissible hearsay under F.R.E. 803(8)(A)(ii). *Id.* at 14- 15.

Second, Plaintiff argues that Najolia's testimony is irrelevant under *Daubert*'s relevancy prong because his acceptance of Defendants' version of events in this incident, coupled with his expert conclusions, will not help the trier of fact understand or determine a fact in issue. *Id*. at 15. Cortez argues that Najolia simply makes credibility determinations about the witnesses and then offers general legal conclusions, an approach that will not assist the jury. *Id.* at 15-16.

Finally, Cortez argues that other courts have barred Najolia's opinions due to his uncritical acceptance of a defendant's version of events. *Id.* at 17-18 (citing *Haynes v. Parker*, No. 13-0818, 2017 WL 1027028, at *4 (M.D. La. Mar. 16, 2017); *Gage v. Jenkins*, No. 13-0638, 2017 WL 2190064, at *4 (M.D. La. May 18, 2017)). Plaintiff argues that these courts have found Najolia's methodology unreliable because he has accepted the defendant's version of events completely while ignoring other evidence. *Id.*

Overall, Plaintiff asserts that Najolia's testimony should be confined to the policing standards or practices applicable to the incident and whether those standards or practices were met

3

or violated by the conduct of Defendants. *Id*. at 13. Any testimony offering ultimate legal conclusions should be excluded. *Id.*

In opposition, Defendants make three arguments. First, Defendants argue that, to the extent that Plaintiff takes issue with the facts Najolia relied on in reaching his conclusions, the proper remedy is for Plaintiff to cross-examine Najolia about this matter at trial. R. Doc 65 at 4. Second, Defendants contend that Najolia's report does not, in fact, offer legal conclusions. *Id.* At 5-6. He will not opine on whether the deputies' actions were reasonable under the legal standard; rather, he will opine about whether their conduct conformed with the applicable policies of the Jefferson Parish Sheriff's Office. *Id.* Because such testimony relies on Najolia's specialized qualifications, such testimony will assist the factfinder. *Id.* Finally, Defendants state that Najolia will refrain from making credibility determinations. *Id.* At 11.

### III.   APPLICABLE LAW

District courts have discretion to admit or exclude expert testimony under the Federal Rules of Evidence. *General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997). In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court held that Rule 702 of the Federal Rules of Evidence requires a district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The reliability inquiry requires a court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert*, 509 U.S. at 592-93. In Daubert, the

Supreme Court listed several non-exclusive factors relevant to assessing reliability: (1) whether the theory has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the general acceptance of the methodology in the scientific community. *Id*. at 593-95. However, a court's evaluation of the reliability of expert testimony is flexible because "[t]he factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (quotations omitted). In sum, the district court must ensure "that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. The party offering the testimony must establish its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Expert testimony must also be relevant. Testimony is relevant if the expert's reasoning and methodology "fits" the facts of the case and the testimony will assist the trier of fact to understand the evidence. *Daubert*, 509 U.S. at 591. An expert's testimony is not relevant and may be excluded if it is directed to an issue that is "well within the common sense understanding of jurors and requires no expert testimony." *Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003).

**IV. DISCUSSION**

Plaintiff raises three arguments: (1) that Najolia's opinions are based on a hearsay "Offense Report" report of Deputy Reese, which Najolia would need to repeat at trial (2) that Najolia's testimony is irrelevant, and (3) that Najolia uses an unreliable methodology. R. Doc. 59-1 at 14-15, 17. Each of these arguments is addressed in turn.

**A. Najolia Will Not Need to Repeat Inadmissible Hearsay at Trial**

5

Plaintiff argues that Najolia's opinions about the Deputies' use of force must be excluded because Najolia will necessarily need to repeat hearsay testimony at trial to express these opinions. *Id.* at 14. Plaintiff argues that Najolia largely relies on an Offense Report written by Deputy Reese, who has not been deposed, for his understanding of the foundational facts of the case.

This argument is unpersuasive. Plaintiff does not dispute that Najolia may express opinions in his expert report that are based, in part, on facts contained in an inadmissible report such as the Offense Report. R. Doc. 59-1 at 4; *see also* F.R.E. 703. Rather, he contends that Najolia will need to describe Deputy Reese's hearsay statements at trial. However, Defendants' witness list notes that Deputy Reese will testify at trial. R. Doc. 53. After Deputy Reese testifies, Najolia may then properly refer to her testimony. "[O]nce the facts necessary for [an expert] to render an opinion are in evidence, he may assume those facts as a hypothetical and give opinion testimony based on the assumption of those facts." *Joseph v. Doe*, No. CV 17-5051, 2021 WL 2313475, at *3 (E.D. La. June 7, 2021) (holding that Najolia could testify "[s]o long as Defendants introduce sufficient evidence at trial to support their version of the facts").

### B. Najolia's Opinions Do Not Constitute Improper Legal Conclusions

Next, Plaintiff contends that Najoila will improperly invade the duty of the factfinder by offering conclusions on legal issues. Under Federal Rule of Evidence 704, an expert's "opinion is not objectionable just because it embraces an ultimate issue." However, courts caution that "[f]or ultimate legal conclusions, '[t]he judge is the source of law and the only expert needed by a jury.'" *Manton v. Strain*, No. 09-0339, 2010 WL 4364480, at *2 (E.D. La. Oct. 21, 2010) (quoting *Bodzin v. City of Dallas*, 768 F.2d 722, 725 (5th Cir. 1985)). Crucially, "a use of force expert may offer testimony regarding police policies and procedures as well as whether or not specific acts by a defendant comported with those policies or procedures." *Joseph v. Doe*, No. 17-5051, 2021 WL

2313475, at *4 (E.D. La. June 7, 2021); *see also Campion v. Outlook Nashville, Inc.*, 380 F.3d 893, 908 (6th Cir. 2004) (finding testimony about specific use of force practices and training admissible.) However, the expert should not opine on whether the officers' conduct meets the ultimate legal standard of "reasonableness." *Joseph*, 2021 WL 2313475, at *4.

This Court has previously permitted Najolia to opine on whether police officers' conduct was in accordance with specific policing standards. For example, in *Joseph v. Doe*, this Court allowed Najolia to "opine on the standards or practices applicable to the incident involving Decedent, and whether or not certain standards or practices were met or violated by the conduct of the [] police officers during the incident. *Id.*; *see also Whitfield v. Riley*, No. 09-8074, 2021 WL 3419463, at *4 (E.D. La. Apr. 21, 2021) (permitting Najolia to testify "for the purpose of providing the jurors with standards for proper police behavior—standards which the jurors cannot reasonably be expected to correctly know on their own—so that the jury may determine whether or not the Defendant Officers acted within these guidelines").

Here, the eight opinions Plaintiff seeks to exclude are tied to the police policies and procedures at issue. The opinions describe various actions of the deputies as "consistent with their training" "appropriate" and "in accordance with the deputies training and JPSO protocols." R. Doc. 59-1 at 9-10. This language shows that Najolia intends to opine on whether the Deputies "comported with [applicable] policies and procedures." *Joseph*, 2021 WL 2313475, at *4. Such testimony is permissible. However, Najolia will not be allowed to opine on the ultimate issues of whether the officer's actions were generally "reasonable" under the applicable legal standard. *Id.*

### C. Plaintiff's Concerns About Najolia's Assumption of Facts are Properly Addressed on Cross-Examination, Not By Exclusion of His Testimony

Finally, Plaintiff argues that Najolia's opinions should be excluded because his methodology is unreliable. Najolia, Plaintiff contends, improperly relies on the Defendants'

7

version of the facts while ignoring other record evidence. However, this argument is unavailing. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019). Rather, "vigorous cross-examination" is the appropriate tool for addressing an expert opinion that relies on arguably flawed premises. *Id.* (citing *Daubert*, 509 U.S. at 596.)

Here, Plaintiff's concerns that Najolia's opinions are based on incorrect and one-sided facts can be addressed at trial on cross-examination. These questions relate to the "bases" of Najolia's opinions, and thus go to the "weight to be assigned that opinion rather than its admissibility." *Puga* 922 F.3d at 294.

Plaintiff discusses two cases in which the Court excluded or partially excluded Najolia's testimony: *Haynes v. Parker*, No. 13-0818, 2017 WL 1027028, at *4 (M.D. La. Mar. 16, 2017) and *Gage v. Jenkins*, No. CV 13-0638, 2017 WL 2190064, at *4 (M.D. La. May 18, 2017). However, the issues presented in those cases are distinct from the present case. In *Gage*, the court excluded Najolia's testimony largely because the incident which Najolia's report addressed was not a contested issue in the case. 2017 WL 2190064, at *4. In *Haynes*, the court excluded part of Najolia's testimony because some opinions merely repeated facts without relating them to policing standards or technical matters. 2017 WL 1027028, at *4. However, the Court allowed Najolia to offer opinions on matters related to his specialized qualifications, such as whether the defendant's use of pepper spray was proper under scientific and technical principles. *Id.* at *5. Here, as discussed above, Najolia's testimony will be properly offered to summarize police procedures and to analyze whether the Deputies met those standards. Thus, the facts and reasoning of the cases Plaintiff cites are distinguishable.

## V. CONCLUSION

In conclusion, Najolia may testify as to whether the Defendant Deputies acted in accordance with applicable policing standards, protocols, and trainings.

Accordingly, for the foregoing reasons, Plaintiff's Motion to Exclude is **DENIED**.

New Orleans, Louisiana, this 10th day of June, 2024.

                                                  ELDON E. FALLON
                                       UNITED STATES DISTRICT JUDGE